# Pittsburgh Iron Works Company *v.* Moon Motor Lodge, Inc., Appellant.

Argued November 12, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James E. McLaughlin,* with him *John J. Hickton,* and *McArdle, Harrington & McLaughlin,* for appellant.

*Samuel M. Rosenzweig,* with him *Harry S. Kalson,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 7, 1964:

Morris Berger and Maurice Parker conveyed land to appellant, Moon Motor Lodge, Inc., a corporation controlled by them, as a method to secure financing of a projected motel. Thereupon, appellant contracted with Universal Builders, Inc. (Universal), a general contractor, for the construction of the motel. A no lien agreement was filed and Universal provided a la-

bor and materials bond. Before completion of the motel, appellant reconveyed the land to Berger and Parker.

Appellee, an unpaid sub-contractor, brought this action in equity to have a receiver appointed for appellant. The court below appointed a permanent receiver and these appeals followed.[1] We hold that the appointment of a receiver was improper.

Appellee relies upon the Uniform Fraudulent Conveyance Act[2] to justify the appointment of a receiver. It argues that the reconveyance from appellant to Berger and Parker was fraudulent as to its rights as a creditor of appellant, and hence the court below had power to appoint a receiver under section 10 of the Act.[3] While there are several defects in appellee's position, it will suffice here to point out the most obvious one—appellee's failure to show that it is a creditor of appellant.

Appellee provided material and labor under a contract with Universal, the general contractor, and not with the appellant. In an attempt to establish itself as a creditor of appellant, appellee invokes the doctrines of quasi contract, unjust enrichment, and constructive trust without, however, demonstrating how these general principles are applicable to the facts of the instant case. It may be that Universal is a creditor of appellant. In such event, however, appellee must obtain a judgment or take other steps against Universal; it cannot proceed directly against appellant un-

---

[1] Appeal No. 73 is from the order appointing a temporary receiver and Appeal No. 76 is from the order appointing a permanent one.

[2] Act of May 21, 1921, P. L. 1045, §1 et seq., 39 P.S. §351 et seq.

[3] "Where a conveyance made or obligation incurred is fraudulent as to a creditor whose claim has not matured, . . . the court may: . . . (b) Appoint a receiver to take charge of the property." (Act of May 21, 1921, P. L. 1045, §10, 39 P.S. §360).

der the Uniform Fraudulent Conveyance Act. Accordingly, the orders entered below must be reversed and the receiver discharged.[4]

Orders reversed. Costs on appellee.

---

[4] The record indicates that the surety on the labor and materials bond disclaimed liability and that a declaratory judgment action is presently pending to determine the surety's liability. Our decision here, of course, is concerned solely with the appointment of a receiver by appellee under the Uniform Fraudulent Conveyance Act. We in no way intend that our opinion be taken as a reflection on the proper disposition of the declaratory judgment action or of any other suits which might be brought by appellee or other subcontractors.